# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DIANA OLESON and LISA KOMOROSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> AMERICOLLECT, INC., <br><br> Defendant. | Case No.: 20-cv-1182 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Diana Oleson is an individual who resides in the Eastern District of Wisconsin (Dodge County).

4. Plaintiff Lisa Komorowski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

6. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that such debt arose from a consumer transaction that included agreements to defer payment.

7. Defendant Americollect, Inc. ("Americollect") is a domestic corporation with its principal place of business located at 1851 S. Alverno Rd., Manitowoc, WI 54220.

8. Americollect is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Americollect is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

10. Americollect is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### *Facts related to Plaintiff Oleson*

11. On or about May 15, 2019, Americollect mailed a debt collection letter to Plaintiff Oleson regarding alleged debts owed to "EMERGENCY MEDICAL ASSOCIATES LLP." A copy of this letter is attached to this complaint as Exhibit A.

12. Upon information and belief, the alleged debts referenced in Exhibit A were incurred as the result of a transaction for personal medical services with an agreement to defer payment. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'"); *see also, e.g., Kelly v. Montgomery Lynch & Assocs.*, 2008 U.S. Dist. LEXIS 30917, at * 9-10 (N.D. Ohio Apr. 15, 2008) ("The debt at issue in this case involves financial expenses incurred … in exchange for medical services …. Pursuant to this debt, the Plaintiff was offered the right to receive medical services

and to defer payment on those financial obligations. This is a classic transaction out of which debts arise under the FDCPA.")

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff Oleson inserted by computer.

14. Upon information and belief, Exhibit A is a form debt collection letter used by Americollect to attempt to collect alleged debts.

15. Exhibit A includes the following representations:

| CREDITOR NAME | ACCOUNT # | PRINCIPAL | INTEREST | ACTIVITY DATE | BALANCE |
|---|---|---|---|---|---|
| EMERGENCY MEDICAL ASSOCIATES LLP | 3601 | $106.04 | $0.00 | 08/31/2017 | $106.04 |
| EMERGENCY MEDICAL ASSOCIATES LLP | 2401 | $106.04 | $0.00 | 09/07/2017 | $106.04 |

16. Exhibit A also includes the following representations:

The below account(s) have been listed with our office for collection. The amount due stated below, is the amount due as of the date of this letter. Future interest of 5% per year may be added to the account if the amount due is not paid. In the event your payment is returned to us NSF, it may be re-presented electronically for payment.

17. Exhibit A thus indicates that "Future interest of 5% per year may be added to the account" but also indicates that as of December 2, 2019, the date of the letter, no such interest had accrued, despite over two years have elapsed since the "ACTIVITY DATE" associated with each account.

18. On or about June 5, 2019, approximately six months prior to the date of Exhibit A, Americollect had mailed another debt collection letter to Plaintiff Oleson regarding the same alleged debt. A copy of this letter is attached to this complaint as Exhibit B.

19. Exhibit B includes the following representations:

| CREDITOR NAME | ACCOUNT NUMBER | ACTIVITY DATE | BALANCE |
|---|---|---|---|
| EMERGENCY MEDICAL ASSOCIATES LLP | 3601 | 08/31/2017 | $113.24 |
| EMERGENCY MEDICAL ASSOCIATES LLP | 2401 | 09/07/2017 | $113.24 |

3

20. Although <u>Exhibit B</u> attempts to collect the same alleged debts as <u>Exhibit A</u>, with the same "CREDITOR NAME," "ACCOUNT NUMBER," and "ACTIVITY DATE," the "BALANCE" listed in the prior level is slightly greater than the "BALANCE" listed by the subsequent letter.

21. Upon information and belief, neither Plaintiff Oleson nor any other entity tendered any payments toward the balance of Plaintiff's alleged debt during the time intervening between Americollect sending <u>Exhibits A & B</u>.

22. Upon information and belief, the differences in the "BALANCE" of the accounts listed by <u>Exhibit A & B</u> is due to the fact that as of June 5, 2019, the date of the prior letter, Americollect had in fact assessed interest on Plaintiff's alleged debt at an annual rate of 5%; at some point prior to December 2, 2019, Americollect returned the accounts to the original creditor, which subsequently reassigned the accounts to Americollect at the amount it had initially assigned Americollect to collect prior to its assessment of interest.

23. By waiving the interest which had been assessed prior to the December 2, 2019, the date of <u>Exhibit A</u>, Americollect and/or the original creditor waived its right to assess future interest against Plaintiff's alleged debts.

24. Language falsely stating or implying that interest may be added to a debt is false and misleading when there is no actual intent to add interest to the debt. Such language is also material, as the false threat of the balance increasing over time may influence the consumer to prioritize paying that debt over other debts and other debt collectors who have not made the same misrepresentation.

25. Where the Seventh Circuit prescribes safe-harbor language, this language is not "blessed" as generally acceptable---rather, the Seventh Circuit has made it clear that "*Miller's*

4

accuracy requirement still applies," and that very language may, in fact, violate the FDCPA under other circumstances. *E.g., Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 371 (7th Cir. 2018) ("debt collectors cannot immunize themselves from FDCPA liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances.")

26. The unsophisticated consumer reviewing Exhibit A would not know whether, and/or which, of the creditors identified in Exhibit A was adding interest and would be unable to effectively prioritize payment of the accounts itemized in Exhibit A.

27. Plaintiff Oleson was confused and misled by Exhibit A.

28. The unsophisticated consumer would be confused and misled by Exhibit A.

### *Facts Related to Plaintiff Koromoski*

29. At some point prior to November 3, 2019, Americollect mailed a debt collection letter to Plaintiff Koromoski. A copy of this letter is attached to this complaint as Exhibit C.

30. Upon information and belief, the alleged debts referenced in Exhibit C were incurred as the result of a transaction for personal medical services with an agreement to defer payment.

31. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff Koromoski inserted by computer.

32. Upon information and belief, Exhibit C is a form debt collection letter used by Americollect to attempt to collect alleged debts.

33. Exhibit C includes the following representation:

Per your authorization, $31.92 will be charged to your credit card on 11/03/2019.

34. Although Exhibit C states that $31.92 will be charged to Plaintiff Komorowski's credit card, Exhibit A fails to inform Plaintiff of the balance of her alleged debt or to include any account specific information.

35. By failing to inform Plaintiff Komorowski of the balance of her alleged debt or any account specific information, Exhibit C includes representations which are false, deceptive, and misleading as to the character, amount, and legal status of such debt.

36. Plaintiff Komorowski was confused and misled by Exhibit C.

37. The unsophisticated consumer would be confused and misled by Exhibit C.

### *The FDCPA*

38. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that

6

Case 2:20-cv-01182-JPS   Filed 07/31/20   Page 6 of 15   Document 1

the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

39. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

40. Misrepresentations of the character, amount or legal status of any debt, including misrepresentations to the effect that the balance of the debt is increasing, injure or risk injury to

7

interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

41. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

43. 15 U.S.C. § 1692e(5) specifically prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

44. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

45. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

### The WCA

46. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

47. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

48. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

49. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

50. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

51. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides

9

injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

52. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

53. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

54. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

55. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct … in such a manner as can reasonably be expected to threaten or harass the customer."

56. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

57. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair

10

Case 2:20-cv-01182-JPS   Filed 07/31/20   Page 10 of 15   Document 1

Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

58. Although the FDCPA does not authorize injunctive or declaratory relief, *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 507 n.3 (D. Md. Mar. 11, 2013), these forms of relief are available under the WCA. Wis. Stat. §§ 426.109(1); 426.110(4)(e); 426.110(6)(b).

59. The WCA expressly authorizes individual actions to enjoin "any person who in … enforcing consumer credit transactions engages in … False, misleading, deceptive, or unconscionable conduct in enforcing debts … arising from consumer credit transactions." Wis. Stat. § 426.110(2)(c); *see* Wis. Stat. § 426.110(3).

60. The WCA also authorizes "any customer affected by a violation of chs. 421 to 427 and 429 … or by a violation of the federal consumer credit protection act … [to] bring a civil action on behalf of all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429." Wis. Stat. § 426.110(1).

61. The WCA authorizes customers to bring class actions for injunctive relief to cure violations of Wis. Stat. § 427.104(1).

## **COUNT I – FDCPA**

62. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

63. Count I is brought on behalf of Plaintiff Oleson.

64. By threatening to impose interest after Defendant had previously assessed and waived such interest, <u>Exhibit A</u> includes representations which are false, deceptive, and misleading, as to the character amount and legal status of such debt.

65. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f.

## COUNT II -- WCA

66. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

67. Count II is brought on behalf of Plaintiff Oleson.

68. By threatening to impose interest after Defendant had previously assessed and waived such interest, <u>Exhibit A</u> claims a right with reason to know such right does not exist and could reasonably be expected to threaten and harass Plaintiff Oleson.

69. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## COUNT III - FDCPA

70. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

71. By failing to inform Plaintiff Komorowski of the balance of her alleged debt or any account specific information, <u>Exhibit C</u> includes representations which are false, deceptive, and misleading as to the character, amount, and legal status of such debt.

72. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692f.

## COUNT IV -- WCA

73. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

74. By failing to inform Plaintiff Komorowski of the balance of her alleged debt or any account specific information, Exhibit C could reasonably be expected to threaten and harass Plaintiff.

75. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

76. Plaintiffs bring this action on behalf of two proposed classes

77. Class I consists of: (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters by Defendant in the form of Exhibit A to the complaint in this action, (c) with a "CREDITOR NAME" listed as "EMERGENCY MEDICAL ASSOCIATES LLP," (d) where Defendant had previously assessed interest to the account, (e) where the letter in the form of Exhibit A was sent between July 31, 2019 and July 31, 2020, inclusive, (f) that was not returned by the postal service.

78. Plaintiff Oleson is the proposed class representative of Class I.

79. Class II consists of: (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters by Defendant in the form of Exhibit C to the complaint in this action, (c) between July 31, 2019 and July 31, 2020, inclusive, (d) that was not returned by the postal service.

80. Plaintiff Komorowski is the proposed class representative of Class II.

81. Each class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class.

82. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibits A & C</u> violates the FDCPA and/or the WCA.

83. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

84. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

85. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

86. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) injunctive relief;

(d) declaratory relief;

(e) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: July 31, 2020

14

Case 2:20-cv-01182-JPS    Filed 07/31/20    Page 14 of 15    Document 1

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com